IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES NEAL,

        Plaintiff,

vs.     Civil Action Number:

LIFE INSURANCE COMPANY OF
NORTH AMERICA, and DIEBOLD, INC.
LONG-TERM DISABILITY PLAN,

        Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, James Neal, by and through his undersigned counsel and files the within Complaint, to obtain declaratory relief, and recover long-term disability benefits under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

**PARTIES**

3. Plaintiff, James Neal, is an adult individual who resides in Gibsonia, PA  15044.

4. Defendant, Diebold Inc. Long-Term Disability Plan, is a benefit plan as defined by ERISA doing business with its principal place of business located at 5995 Mayfair Road North Canton, OH  44720, who appointed the Insurance Company as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims.

5. Defendant, Life Insurance Company of America d/b/a Cigna Group Insurance ("LINA"), accepted the above delegation of decisional control over the claims process and fiduciary duties and acted as the Plan administrator and insurer of the Plan. LINA conducts its business including the denial letter in this case from Pittsburgh, PA  15242.

**SUMMARY OF ACTION**

6. Mr. Neal was employed by Diebold Incorporated as a Sales Manager until he was unable to continue working on or about February 6, 2013 due to multiple medical conditions including degenerative disc disease.

7. As a covered Employee, Mr. Neal was eligible to apply for group long-term disability benefits under LINA policy number LK0980112 that provides 60% of predisability earnings if unable to perform the material duties of his or her regular occupation; and unable to earn 80% or more of his or her Indexed Earnings from working in his or her regular occupation.

8. After twenty-four (24) months, an Employee is considered disabled if unable to perform the material duties of any occupation for which he or she is, or may reasonable become qualified based on education, training and experience, and unable to earn 60% or more of his or her Indexed Earning.

9.      Defendant approved long-term disability benefits from August 6, 2013 to May 7, 2015, then issued a denial letter dated May 7, 2015. The basis for this denial was that Mr. Neal was not precluded from "performing your own sedentary occupation", despite the occupational requirement that he travel frequently.

10.     Following this initial denial, plaintiff timely appealed and Defendant issued a final denial dated May 2, 2016 on an entirely new basis that the "medical information on file was compared to the new definition of disability and it was opined that the medical did not preclude him from working in any occupation".

11.     Defendants' denial was based upon a medical review and one-time medical examination that failed to consider chronic pain, unexpected absences from work and failed to perform a vocational analysis.

12.     Plaintiff submitted narrative report including from Dr. Hanna and a detailed report from Mark Heckman, an experienced vocational expert who regularly testifies before the Social Security Administration for disability hearing.

13.     Mr. Neal was approved for total and permanent disability benefits through the Social Security Administration, which LINA recognizes only so far as to reduce its monthly long-term disability benefits by the amount of the Social Security disability benefit as an offset under the policy.

14.     Mr. Neal remains unable to work in either his former occupation or any occupation earning more than 60% of his Indexed Earnings.

15.     Plaintiff has exhausted administrative prerequisites as evidenced by the denial letter dated May 2, 2016 that states that plaintiff has the right to bring legal action for benefits under ERISA.

16. With respect to the denial of long-term disability insurance benefits, counsel for plaintiff received the insurance policies and documents described as the claim file via correspondence dated July 21, 2016. However, LINA, functioning as the *de facto* plan administrator, failed to provide documents under which the Plan is established or operated and "relevant documents" as set forth in Count I depriving plaintiff of a "full and fair" review.

17. Diebold, Inc. Long-Term Disability Plan appointed LINA as its claims fiduciary.

18. LINA was in possession of the requested documents at all relevant times.

19. LINA was responsible for the dissemination of the relevant documents as evidenced by it responding to plaintiff's written request for information.

20. LINA provided claim forms to plaintiff for him and his physicians to complete.

21. LINA made the decision to initially pay disability benefits and later to deny them.

22. LINA informed plaintiff of both the initial decision to pay benefits and subsequent decision to deny them on its letterhead.

23. Plaintiff never received any communications from Diebold, Inc. Long-Term Disability Plan with respect to the long-term disability benefits claims process or decision to approve or deny long-term disability benefits.

24. LINA was appointed the claims fiduciary and at all relevant times acted as the plan administrator exercising sufficient decisional control over the claim process rendering it the *de facto* plan administrator.

25. A *de novo* standard of review applies in this case because the policy does not grant discretionary authority to LINA and ERISA prohibits LINA from changing its rationale for the denial in the second denial after an administrative appeal. 29 U.S.C. 1133 requires that "provide adequate notice in writing to any participant or beneficiary whose claim for benefits

under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

## COUNT ONE
## DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))

26. Paragraphs 1-25 are re-alleged and incorporated by reference as if fully set forth herein.

27. On or about June 16, 2015, July 21, 2014, August 17, 2015 and June 21, 2016, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email.

28. Plaintiff received a copy of the policies and medical records. However, plaintiff did not receive certain documents including CIGNA's Blue Book, claim manuals, written protocols, rules, or even the qualifications of the reviewers of their claims file.

29. ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

30. Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (emphasis added).

31. Pursuant to 29 U.S.C. § 1029:

> **(c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**

> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.**

29 U.S.C. § 1209(c) (emphasis added).

32. ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) <u>and</u> when an administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

33. Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be produced. Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

34. Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135. The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which requires that a claimant receive a full and fair review of an adverse benefit decision. Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

35. At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

36. Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

37. Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to identify all of the medical and vocational experts whether relied upon or not. Defendants failed to identify the actual reviewer and his or her credentials. Last, defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

## COUNT TWO
### (CLAIM FOR LONG-TERM DISABILITY BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

38.  The averments set forth in the above paragraphs are incorporated by reference.

39.  The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") and other benefits based upon him becoming disabled within the meaning of the Plan.

40.  Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is limited from performing the material and substantial duties of his regular occupation and any occupation due to sickness or injury.

41.  Plaintiff is entitled to payment of the Disability Benefits under the Plan because his medical conditions prevent him from performing the material and substantial duties of his regular occupation and any occupation and as further evidenced by his application and approval for Social Security disability benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Neal, respectfully prays that the Court: (1) declare that the Defendants are obligated to pay Plaintiff his past due long-term disability insurance benefits; (2) declare that the Defendants provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that LINA produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, identify all of the medical and vocational experts whether relied upon or not, identify the actual reviewer and his or her credentials, provide internal rules, guidelines and protocols relied upon or applied in

terminating plaintiff's claim for benefits; and (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN & PAUL, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL
PA ID No.: 83334
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  July 29, 2016