# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1146 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

In his Complaint, Plaintiff James Neal challenges Life Insurance Company of North America ("LINA")'s denial of his claim for long term disability benefits under a Group Policy (the "Plan") administered by LINA on behalf of Defendant Diebold Inc. (Compl. (Doc. 1)). At the initial case management conference held on January 4, 2017, the parties reported two disputes to the Court. First, counsel expressed disagreement as to the appropriate standard of review in this case. Plaintiff's counsel argued that the Court should review LINA's denial of benefits to Plaintiff under a *de novo* standard of review, whereas defense counsel argued that an abuse of discretion standard should apply. Second, the parties disagreed as to whether discovery beyond the administrative record is warranted.

Following the initial case management conference, on January 4, 2017, the Court ordered the parties to file cross-briefing addressing the appropriate standard of review and scope of discovery in this case. (Doc. 18). The parties filed their respective briefs on January 18, 2017. (Docs. 21 and 22). After reviewing the parties' briefing, for the reasons discussed in further detail below, the Court agrees with Defendants that the abuse of discretion standard is the

1

appropriate standard of review in this case, and that no additional discovery beyond the administrative record is warranted.

## I. MEMORANDUM

### A. The Standard of Review

The Court turns first to the parties' arguments as to the proper standard of review in this case. The parties seem to agree that, if the Plan grants discretionary authority to LINA to determine eligibility for benefits, the standard of review is one of abuse of discretion. (See Defendants' Brief (Doc. 21) at 3 ("Where a plan grants discretionary authority to the administrator to determine eligibility for benefits, a deferential arbitrary and capricious review, also known as the abuse of discretion standard, is appropriate 'across the board.'") (citing Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009)); Plaintiff's Brief (Doc. 22) ("The denial of benefits under 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits.") (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). The parties disagree, however, as to whether the Plan in this case grants LINA such discretionary authority. (Contrast Doc 21 at 3 ("Here, the Plan grants such discretion to LINA in a number of governing Plan documents.") with Doc. 22 at 1 ("[T]he Group Plan does not contain any grant of discretionary authority.")).

In reviewing the Plan documents, the Court agrees with Defendants that the Plan in this case unambiguously provides that LINA has discretionary authority to determine a claimant's eligibility for benefits. As Defendants note in their briefing, the policy itself states that LINA has been "appointed . . . as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims." (Doc. 21, Ex. C at 19). Although this language

alone may be insufficient to confer the requisite discretion to LINA, other Plan documents consistently and unambiguously provide for such discretion. Specifically, the Group Long-Term Disability Insurance Certificate states, in relevant part:

> The Plan Administrator [Diebold] has appointed the Insurance Company [LINA] as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. **The Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan, decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact.** All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law.

(Doc. 21, Ex. B at 17) (emphasis added).

Likewise, the Plan documents include an "Appointment of Claim Fiduciary" form ("ACF"), which reiterates the grant of discretionary authority to LINA as follows:

> Claim Fiduciary shall have the authority, in its discretion, to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact.

(Doc. 21, Ex. D).

Plaintiff argues that the Court should not consider the ACF in determining whether the Plan provides discretionary authority to LINA, citing to a decision from the district court for the Middle District of Pennsylvania, Moran v. Life Ins. Co. of N. Am. Misericordia Univ., 2014 WL 4251604, at *4 (M.D. Pa. Aug. 27, 2014). However, the Moran decision is not binding on this Court, and the Court finds more persuasive those decisions reaching the opposite conclusion, *i.e.*, that language in an ACF granting discretionary authority to an insurer should be considered for purposes of determining the proper standard of review in an ERISA case. See, e.g., Gailey v. Life Ins. Co. of N. Am., 2016 WL 6082112, at *4 (M.D. Pa. Oct. 17, 2016) (finding that language in an ACF stating that the insurer has "authority, in its discretion, to interpret the terms

3

of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact . . . is exactly [the type of delegation of discretionary power that] the Supreme Court contemplated in Firestone."); accord Raybourne v. CIGNA Life Ins. Co. of N.Y., 576 F.3d 444 (7th Cir. 2009); Lawrence v. Life Ins. Co. of N. Am., 2007 WL 2410180, at *5 (N.D. Ill. Aug. 20, 2007) ("[U]nambiguous discretionary language in the . . . [ACF] form renders the arbitrary and capricious standard of review appropriate").

In short, the Court finds that the Plan documents, including the policy itself, the Group Long-Term Disability Insurance Certificate and the ACF, plainly grant LINA discretionary authority to determine plan eligibility. Accordingly, the Court will review LINA's benefits decision in this case under the deferential arbitrary and capricious standard of review.

**B.      The Scope of Discovery**

The Court now turns to the parties' arguments regarding the appropriate scope of discovery in this case. As Plaintiff acknowledges, "[i]n an abuse of discretion review, the Court is generally limited to the administrative record. . . " (Doc. 22 at 5 (citing Atkins v. UPMC Healthcare Benefits Trust, 2013 WL 6587170, at *1 (W.D. Pa. Dec. 16, 2013)); see also Hilbert v. Lincoln Nat'l Life Ins. Co., 2016 WL 727584, at *1 (M.D. Pa. Feb. 24, 2016) ("[I]n an ERISA case such as this where the abuse of discretion standard applies, the review is limited to the administrative record and further discovery is generally not permitted."). Plaintiff nonetheless argues that "an ERISA claimant may be granted limited discovery beyond the administrative record if such discovery relates to conflicts of interest and other procedural irregularities. . . ." (Doc. 22 at 6). Here, Plaintiff claims that there were procedural irregularities in his case—including that LINA reversed its position with regard to Plaintiff's disability benefits and

4

allegedly did not adequately evaluate Plaintiff's vocational expert report and his award of Social Security Disability benefits—that warrant additional discovery. (Doc. 22 at 6-7). The Court disagrees.

As Plaintiff asserts, "[e]ven if an abuse of discretion review applies, the Court may consider conflicts of interest as a factor in evaluating the administrator's decision." Atkins, 2013 WL 6587170, at *2. Accordingly, as this Court previously held, "discovery may be granted to investigate the degree to which a conflict of interest may have affected the decision-making process." France v. PNC Fin. Servs. Grp., Inc., 2013 WL 3279772, at *2 (W.D. Pa. June 26, 2013) (citing Howley v. Mellon Fin. Corp., 625 F.3d 788, 792–93 & n. 6 (3d Cir. 2010)). However, "[t]o establish that additional discovery is warranted, a plaintiff must—at the very least—make 'a good-faith allegation of a procedural irregularity or bias in the review process.'" Hilbert, 2016 WL 727584, at *2; see also France, 2013 WL 3279772 (party seeking discovery must show that the alleged bias actually impacted the decision-making of the administrator). "Discovery generally should not be permitted beyond the administrative record when a plaintiff's allegation of bias or conflict amounts to nothing more than a dispute over the reasonableness of a defendant's benefits decision." Hilbert, 2016 WL 727584, at *2. Rather, the court should "limit discovery to those cases in which it appears likely that the plan administrator committed misconduct or acted with bias." Id. (quoting Semien v. Life Ins. Co. of N. Am., 436 F.3d 805, 815-16 (7th Cir. 2006)).

In this case, Plaintiff's allegations of "procedural irregularities" are nothing more than a dispute regarding the reasonableness of LINA's benefits decision. Plaintiff certainly does not show that "it appears *likely* that [LINA] committed misconduct or acted with bias." Hilbert, 2016 WL 727584, at *2 (emphasis added). As the Hilbert Court explained:

> The court cannot simply grant a plaintiff's request to conduct discovery outside the administrative record "where she has a groundless hope of finding some proof of bias after a long and costly search. Such a policy would seriously impair ERISA's goal of providing plan participants and beneficiaries an expeditious and inexpensive method of resolving their disputes."

Hilbert, 2016 WL 727584, at *2 (quoting Delso v. Tr. Of the Ret. Plan for the Hourly Emps. of Merck & Co., 2006 WL 3000199, *2 (D.N.J. Oct. 20, 2006)).

Because Plaintiff has failed to establish a good faith basis or reasonable suspicion of misconduct or bias, the court will deny Plaintiff's request for discovery beyond the administrative record.

## II. ORDER

IT IS HEREBY ORDERED that, for the reasons stated above, the Court will review LINA's decision to deny Plaintiff long term disability benefits under the arbitrary and capricious standard of review. Furthermore, the Court hereby DENIES Plaintiff's request to seek discovery beyond the administrative record.

IT IS FURTHER ORDERED that the parties shall complete discovery, and Defendant shall submit to Plaintiff the full administrative record, no later than February 6, 2017. The parties shall file any motion(s) for summary judgment on or before April 7, 2017. Responses to summary judgment motions are due on or before May 8, 2017. Counsel shall comply with the form and timing for briefing outlined in the Practices and Procedures of the undersigned on the Court's website (see web page at

http://www.pawd.uscourts.gov/Documents/Judge/bissoon_pp.pdf).


IT IS SO ORDERED.

January 23, 2017                                             s/Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States District Judge

CC (via ECF email notification):

All Counsel of Record